USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/3/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIBERTY HAULERS, INC.,
LIBERTY HAULERS OF PA, INC.,
JAMES MADISON CONSTRUCTION, INC.,
JAMES D. UHLINGER, JR. and
BRIANNA T. UHLINGER,

Plaintiffs,

-v-

FORA FINANCIAL ADVANCE LLC,
FOX CAPITAL GROUP INC.,
VELOCITY CAPITAL GROUP LLC,
FINCOAST CAPITAL, LLC,
CLOUDFUND LLC,
LG FUNDING LLC,
NEWCO CAPITAL GROUP VI LLC,
MCA SERVICING LLC,
GREEN GRASS HOLDINGS, LLC,
WIN CAP FUNDING LLC
d/b/a SKYFALL FUNDING,
LEGEND ADVANCE FUNDING II, LLC
SKYIANCE INC.,
EBF HOLDINGS, LLC,
SILVERLINE SERVICES INC.,
CUCUMBER CAPITAL LLC,
ACE FUNDING SOURCE LLC, and
JOHN and JANE DOE DEFENDANTS,

Defendants.

22-cv-7929 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiffs initiated this action by Complaint on September 16, 2022. Dkt. No. 3. The Court held an initial pretrial conference on December 22, 2022. Dkt. No. 8. Neither Plaintiffs nor Defendants appeared. The Court rescheduled the initial pretrial conference to January 18, 2023. Dkt. No. 11. The Court also reminded the Parties that a proposed case management plan

was due one week before the conference on January 13, 2023. *Id*. At the initial pretrial conference on January 18, 2023, no party appeared. No proposed case management plan was ever filed. On January 19, 2023, the Court ordered Plaintiffs to show cause by February 1, 2023 as to why the action should not be dismissed for failure to prosecute. Dkt. No. 12. Plaintiffs did not file any response to the order to show cause. There has been no activity in this case since the Court's order on January 19, 2023.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]"). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors.

Plaintiffs have not prosecuted their case at all for more than three months. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient, *id*. (collecting cases). Plaintiffs were ordered to show cause, as per the Court's order at Dkt. No. 12, as to why the case should not be dismissed for failure to prosecute. It has now been two months past the deadline of February 1, 2023 for Plaintiffs to show cause. Plaintiffs have not filed anything since the Court's order on January 19, 2023, let alone shown cause. Although there is no specific evidence on the record that delay will prejudice Defendants—indeed, there is no record beyond the Complaint and the Court's orders—"[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews* Corp., 682 F.2d 37, 43 (2d Cir. 1982). Finally, the Court has "already given [Plaintiffs] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiffs' "failure to prosecute and . . . failures to appear at court-ordered conferences demonstrate that any lesser sanction would be 'an exercise in futility.'" *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010).

For the foregoing reasons, the case is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: April 3, 2023
New York, New York

LEWIS J. LIMAN
United States District Judge